IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMAR OSBORNE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:14-CV-3432-K-BK |
| | § | |
| PORSHA R. THOMAS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

In this civil rights action challenging the City of Dallas's red light camera enforcement program, Plaintiff Jamar Osborne ("Osborne") has filed a motion to strike Defendant Porsha R. Thomas's ("Thomas") affirmative defense of judicial immunity or, in the alternative, qualified immunity. Succinctly stated, Osborne alleges that Thomas violated his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution when she adjudged him liable for a $75.00 fine following an administrative hearing that was conducted over his objection. Pl. First Am. Compl. at 6-8, ¶¶ 28-36. Thomas denies that she violated any of Osborne's constitutional rights and asserts that she is entitled to judicial immunity or, in the alternative, qualified immunity in this case. Thomas Ans. at 8-10, ¶ 2.3. Osborne moves to strike Thomas's immunity defense pursuant to Fed. R. Civ. P. 12(f). *See* Mot. at 4, ¶ 16. The issues have been fully briefed, and the motion is ripe for determination.

Rule 12(f) of the Federal Rules of Civil Procedure provides a court discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

FED. R. CIV. P. 12(f); *see also Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007) (observing that power to strike a pleading is within the court's discretion). Where, as here, the motion to strike is premised on the "insufficiency" of a defense, the movant must demonstrate that the defense is insufficient as a matter of law. *Klein v. Fed. Ins. Co.*, No. 7:03-CV-102-D, 7:09-CV-094-D, 2014 WL 4476556, at *5 (N.D. Tex. Sept. 11, 2014) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)); *EEOC v. Courtesy Bldg. Servs., Inc.*, No. 3:10-CV-1911-D, 2011 WL 208408, at *1 (N.D. Tex. Jan. 21, 2011). Additionally, there must be enough factual particularity in the pleading of the affirmative defense to give the plaintiff "fair notice" of the nature of the defense and prevent unfair surprise.[1] *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *S.E.C. v. Cuban*, 798 F. Supp. 2d 783, 795 n.13 (N.D. Tex. 2011). This requires the party asserting the affirmative defense to allege sufficient facts to advise the opposing party of "the minimum particulars needed to identify the affirmative defense" and prevent unfair surprise. *Klein*, 2014 WL 4476556, at *5.

Osborne moves to strike Thomas's judicial immunity defense on grounds that she failed to plead sufficient facts to support the defense. *See* Mot. at 3-4, ¶¶ 12-16 & 6, ¶ 23. In her answer, Thomas pleads that she is entitled to judicial immunity, or in the alternative, to qualified immunity from suit and damages in this case because she acted, at all relevant times, within and pursuant to the scope of her discretionary authority as an administrative hearing officer and did not violate any clearly established law of which a reasonable person would have known. Thomas Ans. at 8, ¶ 2.3.

---

[1] District courts disagree on whether the plausibility standard established by *Twombly* and *Iqbal* extends to the pleading of affirmative defenses. *Compare, e.g., Vargas v. HWC Gen. Maintenance, LLC*, No. H-11-875, 2012 WL 948892, at *2 (S.D. Tex. Mar. 20, 2012) (holding that plausibility standard applies to affirmative defenses) with *S.E.C. v. Cuban*, 798 F.Supp.2d 783, 795 n.1 (N.D. Tex. 2011) (declining to extend the plausibility standard to affirmative defenses). In the absence of express guidance from the Fifth Circuit or the Supreme Court, this court continues to apply the "fair notice" standard announced in *Woodfield v. Bowman*.

She further makes the following specific allegations in support of her assertion of immunity:

> At all times relevant to Osborne's claims, specifically including August 26, 2014, Thomas was a public official and employee of the City of Dallas working as an administrative hearing officer in the Parking Adjudication Office of the City's Public Works Department.
>
> At all times relevant to Osborne's claims, specifically including August 26, 2014, Thomas was discharging her official duties and exercising her discretionary authority as an administrative hearing officer in the Parking Adjudication Office of the City's Public Works Department by conducting an administrative hearing on a red light citation issued to Osborne, Jamar Osborne, for an alleged violation of section 28-207 of the Dallas City Code.
>
> At all times relevant to Osborne's claims, specifically including August 26, 2014, Thomas was acting within the scope of her employment as an administrative hearing officer in the Parking Adjudication Office of the City's Public Works Department.
>
> \* \* \*
>
> On August 26, 2014, at approximately 11:46 a.m., Osborne came to the Parking Adjudication Office of the City's Public Works Department and completed a written request for an administrative hearing on Citation Number D-14247829. Approximately ten minutes later, Thomas conducted an administrative adjudication hearing on Osborne's citation. Thomas asked Osborne to state his name and address for the record, which he did, and she informed Osborne that the hearing was being recorded. Thomas then told Osborne her name, that she was the hearing officer for his case, and that she was going to read certain information about the citation into the record and then allow him to provide testimony regarding his case. Thomas read aloud the citation number, the alleged violation date and time, the license plate number and make of the vehicle in question, the location of the alleged violation, and the specific acts that constituted a violation of § 28-207 of the Dallas City Code. Thomas then administered an oath to Osborne and allowed him an opportunity to provide testimony and/or other evidence or reasons why he was contesting/denying the citation. Osborne objected to the citation but provided no testimony or evidence that contested or disputed the underlying facts regarding it. Thomas then reviewed the evidence, which included the red light citation and video showing that the

> vehicle in question failed to come to a complete stop at an intersection equipped with an automated red light enforcement system before turning on a red traffic control signal, and found Osborne liable.
>
> Thomas verbally informed Osborne of her findings and right to appeal her determination of liability to the City of Dallas municipal court. Thomas also provided Osborne a written copy of the Hearing Record, which contained Thomas' findings and determination of liability, as well as [certain information concerning the appeal process:
>
> * * *
>
> Based upon the information described above . . . , Thomas' actions were objectively reasonable, and did not violate Osborne's constitutional rights. Therefore, Thomas is entitled to qualified immunity as to Osborne's federal claims because Thomas was not plainly incompetent and did not knowingly violate clearly established law of which a reasonable person would have known.

*Id*. at 8-10, ¶ 2.3. These allegations are sufficient to give Osborne fair notice of the nature of Thomas's affirmative defenses and prevent unfair surprise. *See Mary Kay, Inc. v. Dunlap*, 2012 WL 2358082, at * 8 (N. D. Tex. 2012) (denying motion to strike affirmative defenses on grounds that the simple assertion of the name of the defense in conjunction with defendant's allegations and the character of plaintiff's claims gives plaintiff fair notice of the defense); *TracFone Wireless, Inc. v. King Trading, Inc*., 2008 WL 4826035, at *2 (N.D. Tex. Nov. 6, 2008) (denying motion to strike affirmative defenses asserted in response to breach of contract claim because defendants provided some factual explanation for them).

To the extent Osborne disputes that Thomas is entitled to qualified immunity and challenges the merits of Thomas's asserted defenses, *see* Mot. at 5-8, the court determines that such challenges are best addressed in another procedural context after discovery. *See Joe Hand Promotions, Inc. v.*

4

*HRA Zone, L.L.C.*, No. A-13-CA-359 LY, 2013 WL 5707810, at *2 (W.D. Tex. Oct. 18, 2013) (motion to strike should be denied if there is any disputed question of fact); *OKC Corp. v. Williams*, 461 F.Supp. 540, 550 (N.D. Tex. 1978) (disputed fact questions cannot be decided on a motion to strike). Accordingly, Osborne's motion to strike is denied.

## CONCLUSION

Plaintiff Jamar Osborne's Rule 12(f) motion to strike Defendant Porsha Thomas's immunity defenses (Doc. 12) is DENIED.

SO ORDERED, May 6, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE