UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JAMAR OSBORNE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:14-CV-3432-K-BF** |
| | § | |
| **CITY OF DALLAS, TEXAS and** | § | |
| **PORSHA R. THOMAS,** | § | |
| | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred the above-styled case to the Magistrate Judge for pretrial management. *See* Order [D.E. 4]. Before the Court are Defendant Porsha R. Thomas' Motion for Summary Judgment on Qualified Immunity and Judicial Immunity [D.E. 35] and Defendant City of Dallas' Rule 12(b)(6) Motion to Dismiss Plaintiff's Claim Alleged Against It [D.E. 33]. For the following reasons, the undersigned recommends that both motions be granted.

### BACKGROUND

Plaintiff Jamar Osborne ("Osborne") received a Notice of Violation (the "Notice") from the City of Dallas (the "City") dated July 6, 2014. Second Am. Compl. [D.E. 29 at 2]. The contents of the Notice stated that a vehicle owned by Osborne passed through an intersection while the traffic signal indicated a red light for the direction Osborne's vehicle was traveling. *Id.* [D.E. at 2]. Osborne appeared at an administrative hearing on August 26, 2014 before Hearing Officer Porsha R. Thomas ("Thomas"). *Id* [D.E. at 3]. At the hearing, Osborne states that he was given the opportunity "to give his accounting of the events in question." *Id.* [D.E. at 3]. After Thomas determined that Osborne

owed the City $75.00 for running a red light, she provided him with information necessary to appeal her determination. *Id.* [D.E. at 4]. Osborne asserts that because Thomas denied him "a meaningful opportunity to be heard," she deprived Osborne of protected property interests and placed "an unreasonable burden on his constitutional right to travel." *Id.* [D.E. at 7]. Based on Thomas's conduct and an ordinance adopted by the City, Osborne has brought this suit against Thomas and the City for violation of his due process rights. *Id.* [D.E. at 6-7]. In his complaint, Osborne seeks actual, nominal, and punitive damages, declaratory relief, a permanent injunction, and attorneys' fees and costs. *Id.* [D.E. at 8-9]. Thomas moves for summary judgment on Osborne's claim against her. Mot. Summ. J. [D.E. 35]. The City moves for dismissal of the claim against it. Mot. Dismiss [D.E. 33].

## LEGAL STANDARDS

### Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be

viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

## Motion to Dismiss

To survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). In ruling on the motion to dismiss, the court may consider documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, and matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").

## Pro Se Litigants

Since Osborne is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). Further, the Court has an obligation to construe a

3

*pro se* plaintiff's briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "*Pro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9). However, while the Court is to liberally construe the briefs of *pro se* litigants, *pro se* parties must still brief issues and reasonably comply with court standards. *Grant v. Cuellar*, 59 F.3d 523 (5th Cir. 1995). Additionally, courts are not obligated under Federal Rule of Civil Procedure 56 to search the record in order to find evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M (BH), 2012 WL 2679496, at *3 (N.D. Tex. June 6, 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21(1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. U. S. Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006).

## ANALYSIS

### Thomas' Due Process Violation

Government officials are protected "from liability for civil damages by qualified immunity insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Cole v. Carson*, 802 F.3d 752, 757 (5th Cir. 2015) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Because qualified immunity is immunity from suit, its applicability should be determined as early as possible. *Id.* At the summary judgment stage, if the defendant has raised the defense of qualified immunity in good faith, it is the plaintiff's burden to rebut the claim. *Id.*

Here, Thomas has raised the defense of qualified immunity. Def.'s Br. [D.E. 36 at 6]. Therefore, it is Osborne's burden to rebut Thomas' claim of qualified immunity. *Cole*, 802 F.3d at

4

757. In his response to Thomas' motion for summary judgment, a fair reading does not reveal any attempts on Osborne's part to rebut Thomas' qualified immunity defense. *See Franklin*, 2012 WL 2679496, at *3. Because Osborne has not presented any competent evidence to rebut Thomas' qualified immunity defense, he has failed to meet his burden. *See Topalian*, 954 F.2d at 1131. Therefore, there is no genuine dispute of fact, and Thomas "is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a). As such, the Court recommends that Thomas' motion for summary judgment is granted.

### City's Due Process Violation

Osborne alleges that under the City's SafeLight Dallas Stops on Red program (the "SafeLight Program") "criminal defendants are not charged with crimes by information or indictment." Second Am. Compl. [D.E. 29 at 7]. Furthermore, Osborne alleges that the City does not issue legal complaints or identify enforcement officers, "depriving criminal defendants of the right to confront their accusers." *Id.* [D.E. at 7]. Osborne alleges that these acts and those committed by Thomas, as the City's agent, violate his Fifth Amendment right of due process. *Id* [D.E. at 8]. Osborne brings his claim against the City under 42 U.S.C. § 1983. *Id.* [D.E. at 1]; Pl.'s Resp. [D.E. 42 at 4-5].

Local governments are not "wholly immune from suit under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 (1978). However, respondeat superior cannot be the basis for an action. *Id.* at 691. "Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Piotrowski v. City of Hous., 237 F.3d 567, 578 (5th Cir 2001) (quoting *Monell*, 436 U.S. at 694). An "official policy" means:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Hous.*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc) (per curiam). "Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy." *Bennett v. Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984) (en banc).

To establish the "moving force" element, a plaintiff must show both causation and culpability. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). This means that "a direct causal connection must exist between the policy and the alleged constitutional deprivation." *Fraire v. Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992). The "connection must be more than a mere 'but for' coupling between cause and effect" *Id.* For the culpability prong, the plaintiff must show that the policy "was promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result." Piotrowski, 237 F.3d at 579 (internal quotations omitted).

Here, Osborne's claim against the City must fail because he does not plead "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570. First, any claims of respondeat superior liability against the City for Thomas' actions cannot survive summary judgment as a matter of law. *See Monell*, 436 U.S. at 663. Osborne pleads facts indicating that the Dallas City Council is the policymaker and the Safelight Program is the official policy they have

adopted. *See Piotrowski*, 237 F.3d at 578. However, Osborne has only pleaded facts regarding his isolated incident, not persistent, repeated, or constant violations. *See Bennett*, 728 F.2d at 768 n.3.

Furthermore, Osborne has failed to plead any facts regarding the "moving force" element. *See Piotrowski*, 237 F.3d at 578. In his pleadings, Osborne states that "[t]he constitutional violations committed by . . . Thomas would not have occurred *but for* the existence of the City's" SafeLight Program. Second Am. Compl. [D.E. 29 at 8] (emphasis added). This "but for" causal connection that Osborne alleges is the wrong standard, and he does not plead any facts supporting the higher burden required. *See Fraire*, 957 F.2d at 1281. Finally, Osborne does not plead any facts indicating that the policy "was promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result." *Piotrowski*, 237 F.3d at 579.

For these reasons Osborne has failed to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As such, his claim lacks the facial plausibility necessary to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Therefore, the Court recommends that this claim against the City be dismissed.

## RECOMMENDATION

For the above stated reasons, the Court recommends that Defendant Porsha R. Thomas' Motion for Summary Judgment on Qualified Immunity and Judicial Immunity [D.E. 35] and Defendant City of Dallas' Rule 12(b)(6) Motion to Dismiss Plaintiff's Claim Alleged Against It [D.E. 33] both be granted and Osborne's claims dismissed with prejudice.

SO RECOMMENDED, November 25, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

8