

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JAMAR OSBORNE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-CV-3432-K-BF |
| | § | |
| CITY OF DALLAS, TEXAS and | § | |
| PORSHA R. THOMAS, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred the above-styled case to the Magistrate Judge for pretrial management. *See* Order [D.E. 4]. Before the Court are Plaintiff Jamar Osborne's Motion to Amend Final Judgment [D.E. 62] and Plaintiff's Verified Motion for New Trial and for Reconsideration of Summary Judgment [D.E. 63]. For the following reasons, the undersigned recommends that both motions be denied.

### MOTION TO AMEND FINAL JUDGMENT

A movant must file a motion to alter or amend a judgment within twenty-eight days from the entry of the court's judgment. FED. R. CIV. P. 59(e). "[A] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003).

Plaintiff Jamar Osborne ("Osborne") moves for the final judgment to be altered, but does not include a brief with his motion, contrary to the Local Civil Rules. *See* Local Civil R. 7.1(h). Because

1

no brief is included, Osborne does not clearly establish a manifest error of law or fact or present newly discovered evidence. *See Rosenzweig v. Azurix Corp.*, 332 F.3d at 863-64. Since Osborne has neither established manifest error nor presented newly discovered evidence, he has not met his burden. *See id.* Because Osborne has failed to satisfy his burden, the undersigned recommends that this motion be **DENIED**.

## MOTION FOR NEW TRIAL

The Federal Rules of Civil Procedure (the "Rules") permit a new trial after the conclusion of a jury or bench trial. Fed. R. Civ. P. 59(a). In the case at hand, Osborne's case did not make it to trial. *See* Judgment [D.E. 61]. Because Osborne never had a trial, he does not satisfy the requisite elements to be granted a new trial. *See* Fed. R. Civ. P. 59(e). Therefore, the undersigned recommends that this motion be **DENIED**.

## MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT

When a magistrate judge submits findings and recommendations to the district court, a copy is sent to all parties. 28 U.S.C. § 636(a)(1)(C). Upon receipt, all parties are allowed fourteen days to file written objections as provided by the rules of the court. *Id.* If an objection is made, the district judge shall make a *de novo* determination regarding the parts "of the report or specified proposed findings or recommendations to which objection is made." *Id.*

In the case at hand, all parties were provided with an opportunity to object to the undersigned's Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("FCR"). *See* FCR [D.E. 59 at 8]. Specifically, parties were instructed they had fourteen days to file written objections to the FCR in accordance with 28 U.S.C. § 636. *Id.* [D.E. 59 at 8]. The

undersigned notes that during the fourteen day period, no parties filed an objection to the FCR, and it was adopted by the District Court. *See* Order [D.E. 60].

Osborne raises four separate reasons for seeking reconsideration of Defendant Porsha Thomas' ("Thomas") summary judgment motion. *See* Pl.'s Mot. Recons. [D.E. 60 at 4-11]. First, Osborne argues that Thomas' Motion for Summary Judgment was deficient in its pleadings. *Id.* [D.E. 63 at 4-6]. Second, Osborne argues that Thomas is not entitled to judicial or qualified immunity. *Id.* [D.E. 63 at 6-8]. Osborne continues his motion for reconsideration by arguing that the city took part in a "state-created" danger. *Id.* [D.E. 63 at 8-9]. Finally, Osborne argues that the Court failed to draw reasonable inferences in his favor, to liberally construe his compliant, and improperly disregarded the pleadings he filed. *Id.* [D.E. 63 at 9-11]. Further, it is his contention that these claims should be evaluated under Rule 60. Reply [D.E. 66 at 1].

None of Osborne's claims merit relief from the District Court's Judgment. *See* Fed. R. Civ. P. 60. The majority of his arguments against Thomas' Motion for Summary Judgment were either considered, or could have been considered, if Osborne had raised them, at the summary judgment stage, and therefore, Osborne is not entitled sought relief. *See id.* Osborne admits that all necessary evidence is on the record. Pl.'s Mot. Recons. [D.E. 63 at 3]. This lends credence to finding that granting Rule 60 relief is inappropriate in this case. *See* Fed. R. Civ. P. 60.

Finally, Osborne's objection to the FCR regarding the failure to draw reasonable inferences in his favor, the failure to liberally construe his complaint, and improperly disregarding the pleadings he filed are all objections to the undersigned's findings. *See* FCR [D.E. 59 at 8]. The appropriate time to raise these objections was within the fourteen days period after receiving the FCR. *See* 28 U.S.C. § 636(a)(1)(C). Because the objection period has lapsed, the District Court

adopted the FCR as its own, foreclosing Osborne's opportunity to object. Order [D.E. 60]. As such, Osborne has failed to plead any facts that would permit relief under Rule 60. *See* Fed. R. Civ. P. 60.

Osborne concedes the real motive behind his motion relates to his performance as a *pro se* litigant and not the undersigned's FCR or the District Court's adoption of the FCR. *See* Pl.'s Mot. Recons. [D.E. 63 at 14]. He states that he has made many mistakes regarding this case, and he "just needs a chance to tie the facts together into a carefully drafted complaint." *Id.* Nonetheless, the time for Osborne to amend his complaint has passed, as it has been dismissed with prejudice. Judgment [D.E. 61]. Therefore, the undersigned recommends that Osborne's motion for reconsideration be **DENIED**.

## RECOMMENDATION

For the above stated reasons, the Court recommends that the District Court deny Osborne's motion to amend the final complaint, motion for a new trial, and motion for reconsideration of summary judgment. Accordingly, Plaintiff Jamar Osborne's Motion to Amend Final Judgment [D.E. 62] and his Verified Motion for New Trial and for Reconsideration of Summary Judgment [D.E. 63] should both be **DENIED** in their entirety.

SO RECOMMENDED, March 15, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).